# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>2007 CHEVROLET TAHOE SUV,<br>VIN: 1GNFC13067J251913,<br>LICENSE: 5XLP068,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:09-cv-01542-LJO-SMS<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S *EX PARTE* APPLICATION FOR DEFAULT JUDGMENT**<br><br>(Doc. 13) |

In this civil forfeiture action, Plaintiff United States of America ("Government") seeks default judgment against the interests of Blanca Alvarez and Luis Miguel Raigoza in a 2007 Chevrolet Tahoe SUV, VIN: 1GNFC13067J251913, License: 5XLP068 ("Defendant Vehicle"); and entry of a final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Vehicle. The Government's motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19) and is considered in accordance with Local Rule A-540(d). This court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted, the undersigned recommends that the District Court grant the Government default judgment and enter final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Vehicle, and order the Government, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and

recommendations.

I. **Factual Background**[1]

On January 21, 2009, a confidential informant ("CI") informed Reedley Police Department officers that CI could purchase methamphetamine from a male subject named "Luis" at his current residence, 524 E. Washington Avenue, Reedley, California. CI positively identified Luis Raigoza from a photograph secured in a previous narcotics investigation. The officers arranged for CI to make a $50.00 methamphetamine purchase from Raigoza. The officers observed CI walk to Raigoza's Washington Avenue residence, enter the front door, and leave the residence two minutes later. CI handed the officers a plastic bag containing 0.03 ounces of methamphetamine.

On January 22, 2009, officers arranged for CI to purchase $60.00 of methamphetamine from Raigoza. The officers observed CI walk to a prearranged meet location where Raigoza arrived as the only occupant of the Defendant Vehicle, complete the transaction with CI, and then left in the Defendant Vehicle. CI handed the officers a plastic bag containing 0.03 ounces of methamphetamine.

On January 26, 2009, an officer driving an undercover vehicle followed the Defendant Vehicle and watched it pull into the driveway at 580 E. Linden Avenue.

On January 29, 2009, Reedley Police officers executed a state search warrant at Raigoza's residence, 580 E. Linden Avenue, apt. A, Reedley, California. Raigoza waived his *Miranda* rights and stated that the Defendant Vehicle, parked in the driveway, was his vehicle. A consent search of the Defendant Vehicle revealed two plastic bags containing approximately 2.18 ounces of methamphetamine and a digital scale covered with methamphetamine.

Raigoza admitted to possession of the methamphetamine found within the Defendant Vehicle and stated that the methamphetamine was intended for resale. He stated that he had driven the Defendant Vehicle to a Reedley location the previous evening and purchased the methamphetamine for $2,400.00. He admitted that he had been selling methamphetamine for the

---

[1] These facts were derived from the Government's application and from the Court's records.

past year.

Raigoza told police that the Defendant Vehicle was fully paid for and registered in the name of his wife, Blanca Alvarez, but that he was its primary driver. When asked why he appeared to reside at both 580 E. Linden and 524 E. Washington, Raigoza explained that his wife had kicked him out of the Linden apartment after execution of an earlier search warrant. Alvarez knew that Raigoza was dealing drugs and did not want police to search her residence again.

Raigoza has a history of criminal drug dealing. In 1991, he was arrested for sales of methamphetamine and possession of cocaine with intent to sell. In 2003, he was arrested and convicted of possession of substances used to manufacture controlled substances. In 2007, Raigoza was arrested for possession and transportation of a controlled substance.

## II.     Procedural Background

On August 28, 2009, the Government filed its complaint for forfeiture in rem, claiming (1) that the Defendant Vehicle is subject to forfeiture to the Government under 21 U.S.C. § 881(a)(6) because it constituted moneys or other things of values furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.* On September 3, 2009, based on the allegations set forth in the Complaint (Doc. 1), the Clerk of the Court issued a Warrant for Arrest of Articles In Rem for the Defendant Vehicle (Doc. 4).

On September 9, 2009, this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.gov for at least thirty days (Doc. 5). On September 18, 2009, Raigoza and Alvarez were personally served with notice of this action by the U.S. Marshals Service (Docs. 6 & 7). According to the Government's Declaration of Publication (Doc. 12), a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on September 25, 2009. To date, no claim or answer has been filed on behalf of Raigoza or Alvarez.

As part of the Government's Request for Entry of Default (Doc. 10), FSA Paralegal Elisa

Rodriguez declared under penalty of perjury that on information and belief, neither Raigoza nor Alvarez was in the military service or was an infant or incapacitated person. Neither potential claimants Raigoza and Alvarez nor any other potential claimant filed an answer or otherwise defended the action. The Clerk entered default as to defendants Raigoza and Alvarez on October 23, 2009 (Doc. 11). The Government moved for Default Judgment on December 3, 2009 (Doc. 13).

## DISCUSSION

### I. Sufficiency of the Complaint

The Government contends that the allegations set forth in the verified complaint for Forfeiture In Rem and the cited facts provide ample grounds for forfeiture of the Defendant Vehicle. A complaint's sufficiency is one factor for consideration in deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Money or other things of value are subject to forfeiture if they (1) are furnished or intended to be furnished by any person in exchange for a controlled substance, (2) constitute proceeds traceable to such an exchange, or (3) are used or intended to be used to facilitate any violation of the laws governing controlled substances. 21 U.S.C. § 881(a)(6). A vehicle is also subject to forfeiture if it is used to transport a controlled substance. 21 U.S.C. § 881(a)(4).

The Government's verified complaint alleges that the Defendant Vehicle is subject to forfeiture since it constitutes a thing of value furnished or intended to be furnished in exchange for a controlled substance, in which all proceeds were traceable to such an exchange, and/or were used or intended to be used to facilitate the violation of one or more laws governing controlled substances (Doc. 1 at ¶ 1). As set forth above and in the verified complaint, the execution of a state search warrant at Raigoza's residence at 580 E. Linden Avenue, Reedley, California, resulted in the seizure of methamphetamine, a digital scale covered with methamphetamine, and the Defendant Vehicle. Both police surveillance of CI's second methamphetamine purchase and the discovery of methamphetamine and the scale in the Defendant Vehicle in the course of police execution of the state search warrant established that the Defendant Vehicle was used to transport

methamphetamine.

The complaint meets the requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, in that it is verified; states the grounds for subject matter jurisdiction, in rem jurisdiction, and venue; describes the property seized and the circumstance of its seizure; and identifies the relevant statutes. In the absence of assertion of interests in the Defendant Vehicle, this Court is not in a position to question the facts supporting its forfeiture. As alleged, the facts set forth a sufficient connection between the Defendant Vehicle and illegal drug activity to support a forfeiture.

The government need not show a relationship between the proceeds of a drug crime and a specific drug transaction: Circumstantial evidence may support the forfeiture of the proceeds of a drug crime. *See United States v. $30,670.00*, 403 F.3d 448, 467-70 (7th Cir. 2005) (concluding that totality of circumstances demonstrated that airline passenger's cash hoard was connected to drug trafficking and subject to forfeiture); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004) (applying totality of circumstances to determine that cash carried by airline passenger was the proceeds of, or traceable to, an illegal drug transaction).

## II.  Notice Requirements

The Fifth Amendment's Due Process Clause prohibits the Government from taking property without due process of law. Individuals whose property interests are at stake are entitled to notice and an opportunity to be heard. The requisite notice was provided to Alvarez and Raigoza.

### A.  Notice by Publication

Supplemental Rule G(4) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official government forfeiture site for at least 30 consecutive days." Local Admiralty and In Rem rules further provide that the Court shall designate by order the appropriate vehicle for publication. Local Rules A-530 and 83-171. On September 9, 2009, this Court authorized publication of the forfeiture action via the internet

forfeiture website www.forfeiture.gov for at least thirty days (Doc. 5). According to the Government's Declaration of Publication (Doc. 12), a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on September 25, 2009. Accordingly, the Government satisfied the requirements for notice to Raigoza and Alvarez by publication.

### B. Personal Notice

When the Government knows the identity of the property owner, due process requires "the Government to make a greater effort to give him notice than otherwise would be mandated by [publication]." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (quotations omitted). *See also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (requiring such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it"). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be sent by means reasonably calculated to reach the potential claimant. Local Rule A-540 also requires that a party seeking default judgment in an action in rem demonstrate to the Court's satisfaction that due notice of the arrest of the property has been given both by publication and by personal service of the person having custody of the property, or if the property is in the hands of a law enforcement officer, by personal service on the person who had custody of the property before its possession by a law enforcement agency or officer. Notice must also be provided by personal service or certified mail, return receipt requested, on every other person who has appeared in the action and is known to have an interest in the property, provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to provide

notice without success. L.R. A-540(a). Notwithstanding the Supplemental Rules and L.R. A-540(a), the Government provides sufficient notice when the notice complies with the requirements of F.R.Civ.P. 4. *See* F.R.Civ.P. 4(n)(1) (providing that when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

Here, the Government personally served Raigoza and Alvarez with the complaint, arrest warrant, publication order, and other related documents on September 15, 2009 (Docs. 6 & 7). The Defendant Vehicle is registered to Alvarez and was seized from the Linden Avenue apartment at which she resided. Accordingly, Raigoza and Alvarez, the only claimants requiring personal service, were personally served.

**C.     Failure to File Claim or Answer**

Supplemental Rule G(5) requires any person who asserts an interest in or right against the Defendant Vehicle to file a claim with the Court within 35 days after service of the Government's complaint or 30 days after the final publication of notice. Supplemental R. G(4)(b) & (5). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action. *Real Property*, 135 F.3d at 1317. The Clerk of Court properly entered defaults against Raigoza and Alvarez on October 23, 2009 (Doc. 11).

**D.     Default Judgment**

The Government seeks judgment against the interests of Raigoza and Alvarez, and final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Vehicle. The Supplemental Rules do not set forth a procedure to seek default judgment in rem. Supplemental Rule A provides, "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default." F.R.Civ.P. 55(a). Generally, the default entered by the clerk establishes a defendant's liability.

> Rule 55 give the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.
>
> *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (internal citations and quotation marks omitted).

As noted above, the Government properly obtained default entries against the interests of Raigoza and Alvarez. There is no impediment to default judgment sought by the Government against them. The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title, and interest in the Defendant Vehicle. "A judgment in rem affect the interests of all persons in designated property . . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12 (1958). Because of Alvarez and Raigoza's defaults, the Government is entitled to a final forfeiture judgment.

## RECOMMENDATIONS

In light of the reasons discussed above, this Court recommends that

1. The District Court grant plaintiff United States of America default judgment against the interests of Luis Miguel Raigoza and Blanca Alvarez;

2. The Clerk of Court enter final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the Defendant Vehicle; and

3. The District Court order Plaintiff United States of America, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture

| | |
|---|---|
| 1 | judgment consistent with the findings and recommendations and the order adopting them. |
| 2 | |

These findings and recommendations are submitted to District Judge Lawrence J. O'Neill pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72-304. Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specific time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 5, 2010**               /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE